UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

ANNETTE DOUGLAS,

    Plaintiff,
v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

    Defendant(s).
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff hereby sues the Defendant and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, ANNETTE DOUGLAS, is a citizen of the State of Florida, Palm Beach County, over the age of eighteen and is otherwise *sui juris.*

2. Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES ("CARNIVAL"), is a foreign corporation incorporated under the laws of Panama, is authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida.

3. This action is being pursued in this Court, as opposed to state court as otherwise permitted by the Savings to Suitors Clause of 28. U.S.C. section 1333 because CARNIVAL unilaterally injects a forum clause into its cruise tickets that require its passengers to file cruise-related suits in this Federal District and Division, as opposed to any other venue in the world.

4. The Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county and had an office or agency in this state and/or county;

1

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part on this county and/or state; and/or

f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard their vessel.

5. The causes of action asserted in this Complaint arises under the General Maritime Law of the United States.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Paradise*.

8. On or about September 9, 2018, ANNETTE DOUGLAS, was a fare-paying passenger aboard the *Carnival Paradise*.

9. ANNETTE DOUGLAS was staying in Cabin Number, E219, in interior cabin and it was her first time sailing on a cruise.

10. The Cabin had a thermostat located on the ceiling as shown below:



11. ANNETTE DOUGLAS and her cabin-mate were informed by CARVNIAL's crew that in order to change the temperature in the room, they would have to change the thermostat located on the ceiling.

12. Following the explanation CARNIVAL's crew demonstrated how to change the thermostat by standing on one of the beds located in the stateroom.

13. CARNIVAL's crew directed ANNETTE DOUGLAS and her cabin mate that in order to change the thermostat in the future, they would stand on the bed as just demonstrated and reach to change the temperature.

14. On September 9, 2018, ANNETTE DOUGLAS, did as she was told by CARNIVAL and stood up to reach the thermostat. As she reached for the control, she stumbled and fell off the bed and sustained serious personal injury.

## COUNT I
## NEGLIGENCE

Plaintiff hereby adopts and incorporates paragraphs one (1) through fourteen (14) as if fully set forth herein, and alleges as follows:

15. At all times material hereto, CARNIVAL had a duty to use reasonable care under the circumstances, and to maintain and operate all of its vessels, including the *Paradise*, in a reasonably safe condition and manner.

16. Additionally, at all times material hereto, CARNIVAL owed a duty to their guests, including ANNETTE DOUGLAS, to warn them of unreasonably dangerous conditions and to ensure the safety of their passengers.

17. CARNIVAL, through its employees, agents, and/or independent contractors, created the subject dangerous conditions. Additionally, CARNIVAL had actual and/or constructive notice of the dangerous condition as it knew or should have known that having passengers change their own thermostat by standing on their stateroom bed and reaching overhead is unreasonably dangerous and because the thermostat was dangerously designed and/or dangerously maintained.

18. CARNIVAL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or its independent contractors committed during the course and scope of their employment with CARNIVAL.

19. CARNIVAL breached the aforementioned duties of care owed to ANNETTE DOUGLAS in the following ways:

    a. Failing to maintain the vessel, including the subject thermostat, in a reasonably safe condition;
    b. Failing to exercise reasonable care under the circumstances;

    c. Failing to provide a reasonably safe way to change the temperature in an interior stateroom;

    d. Failing to properly advise passengers, including ANNETTE DOUGLAS, of the dangerous condition and the inherent danger in standing on a stateroom bed on a moving vessel, in order to change a thermostat;

    e. Failing to have adequate policies and procedures to demonstrate to passengers how to change the temperature in staterooms;

    f. Failing to adequately train employees, agents and/or independent contractors on how to advise passengers how to change the temperature in staterooms;

    g. Creating the dangerous condition;

    h. Failing to remedy the dangerous condition and grossly inadequate policy of changing the thermostat of which CARNIVAL knew or should have known;

    i. Failing to comply with applicable construction, design, safety code and regulations;

    j. Failing to design and maintain a thermostat that was reasonably safe for passengers to change on their own;

    k. Failing to take reasonably precautionary measures so that passengers were not injured while attempting to change their stateroom temperature, including but not limited to, providing a ladder, providing the remote, providing the ability to change the temperature on the wall;

    l. Other acts of negligence to be discovered throughout discovery.

20. At all times material hereto, notice is not required because the Defendant created the dangerous condition, negligently maintained the area including the subject chair swing, and/or engaged in negligent methods of operations.

21. As a direct and proximate result of the aforementioned negligence of the Defendant, Plaintiff, ANNETTE DOUGLAS, was seriously injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for enjoyment of life, pain and suffering, the aggravation of a pre-existing condition, inconvenience, permanent disability, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses are permanent and continuing in nature, and ANNETTE DOUGLAS will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff, ANNETTE DOUGLAS, demands judgment for damages against the Defendant, CARNIVAL, in excess of the minimal jurisdictional limits of this Court, as well as pre-judgment and post-judgment interest, and costs in bringing this action, and further demands trial by jury.

## CERTIFICE OF SERVICE

**I HEREBY CERTIFY** that on September 8, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

**LAW OFFICES OF BRANDON L. CHASE, P.A.**
2800 Ponce de Leon Boulevard., Suite 1100
Coral Gables, Florida 33134
Telephone:   (305) 677-2228
Facsimile:   (305) 677-3232

By:   _____/s/ Brandon L. Chase_____
Brandon L. Chase, Esq., Florida Bar No. 90961
E-mail:   brandon@chasejustice.com
eservice@chasejustice.com
john@chasejustice.com